■ FRANK CERVERA, Appellant, v ROSSANNA CERVERA, Also Known as ROSSANNA BRESSLER, Defendant. JOSHUA D. SIEGEL, Nonparty Respondent. [841 NYS2d 687]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated April 6, 2006, as approved compensation to the Law Guardian in the sum of $26,133.20, and directed him to pay 50% of that sum.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by reducing the sum awarded to $25,421.46; as so modified, the order is affirmed insofar as appealed from, with costs to the nonparty respondent, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The nonparty respondent Joshua Siegel was appointed Law Guardian for the parties' daughter in this contentious matrimonial action. In March 2005 Siegel submitted a proposed order to the Supreme Court which, inter alia, directed the plaintiff father (hereinafter the appellant) to pay him accrued compensation in the sum of $12,710.73. The appellant, although objecting to certain provisions of Siegel's proposed order not relevant to this appeal, did not dispute the amount of accrued compensation owed. Indeed, the appellant submitted a proposed counter-order, signed by the court on March 23, 2005 which left intact such compensation. In August 2005, after Siegel sought to compel

payment of the accrued compensation, the appellant disputed various amounts of compensation claimed by Siegel for certain periods between August 12, 2003 and July 17, 2005. This is the first and only evidence on the record of any objection by the appellant to the compensation being demanded by Siegel. In the order appealed from, the Supreme Court, inter alia, awarded Siegel compensation in the sum of $26,133.20, and directed the appellant to pay 50% of that sum.

Under the circumstances of this case, the appellant is precluded from challenging the compensation award up to the amount directed to be paid in the order dated March 23, 2005, i.e., $12,710.73. However, the compensation directed to be paid in the order appealed from exceeds that amount, even after apportionment, and the basis for an award of additional compensation is not stated in the order and is not otherwise clear from the record. To the extent, if any, that the order appealed from directed the payment of compensation in addition to that directed to be paid in the order dated March 23, 2005, there is no evidence that the appellant was afforded an opportunity to challenge the same, or to challenge the apportionment of the same—a right expressly reserved to him in the prior order. Consequently, we remit the matter to the Supreme Court, Westchester County.

We decline the Law Guardian's request to impose a sanction upon the appellant for pursuing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1). Miller, J.P., Crane, Ritter and Lifson, JJ., concur.